12-2571
McCain v. Levitt

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of October, two thousand thirteen.

PRESENT:
ROBERT A. KATZMANN,
*Chief Judge,*
DENNIS JACOBS,
ROSEMARY S. POOLER,
*Circuit Judges.*

---

ZACK McCAIN,

*Plaintiff-Appellant*,

v.                                                    12-2571

LINDA LEVITT, sued in her official capacity, CHITTENDON COUNTY, MARRY MORRISSEY, sued in her individual and official capacities of her Administrative Functions, JANE DOE, sued in her individual and official capacities of her Administrative Functions, WHITNEY TAYLOR, sued in her individual and official capacities, JOHN DOE, sued in his individual and official capacities of his Administrative Functions, GREG GRAHAMS, sued in his individual and official capacities, ROBERT HOFMANN, sued in his individual and official capacities, MICHAEL J. STRAUB, sued in his individual and official capacities, DARRELL GRAHAM, individual and official capacities,

*Defendants-Appellees*,

CITY OF BURLINGTON, BRIAN LABARGE, sued in his individual and official capacities, JESS STEWART, sued in her individual and official capacities, JAMES MULLER, sued in his individual and official capacities, LAURA R. PEZZULO,

*Defendants*.

_____

For Plaintiff-Appellant**:**    Zack McCain, *pro se*, Burlington, VT.

For Defendants-Appellees**:**    John Serafino, Ryan Smith & Carbine, Ltd., Rutland, VT, *for Linda Levitt*; Matthew David Anderson, Pratt Vreeland Kennelly Martin & White, Ltd., Rutland, VT, *for Michael Straub*; Jana M. Brown, Assistant Attorney General, Montpelier, VT, *for Whitney Taylor, Mary Morrissey, Robert Hofmann, and Darryl Graham*.


       Appeal from a judgment of the United States District Court for the District of Vermont (Sessions, *J.*).

       **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

       Plaintiff-Appellant Zack McCain, proceeding *pro se*, appeals from August 30, 2010, March 30, 2011, August 18, 2011, and November 9, 2011, Opinions and Orders of the United States District Court for the District of Vermont (Sessions, *J.*) dismissing McCain's claims against various state officials and private defendants. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

       As an initial matter, "although [McCain] filed a premature notice of appeal, because the district court entered an amended final judgment before the appeal was heard and [the defendants] suffered no prejudice, the jurisdictional defect has been cured." *Zeno v. Pine Plains*

*Cent. Sch. Dist.*, 702 F.3d 655, 663 n.6 (2d Cir. 2012). However, McCain does not challenge the dismissal of defendants other than Defendants-Appellees Levitt, Morrissey, Taylor, Straub, Graham, and, arguably, Hofmann. The Court therefore declines to review the dismissal of the other defendants. *See Lore v. City of Syracuse*, 670 F.3d 127, 149 (2d Cir. 2012) ("We regard as waived any challenges . . . to adverse decisions that are undiscussed.").

With respect to Defendants-Appellees, we affirm the dismissal of these parties from the case for substantially the reasons set out at length by the district court in its numerous clear and comprehensive memoranda. We have independently reviewed the record and the parties' arguments on appeal, and we find McCain's arguments to be without merit.

Finally, we also deny the motion to disqualify, as McCain has not established that Judge Jacobs's impartiality "might reasonably be questioned," or that overseeing proceedings involving judicial misconduct complaints, including McCain's complaint against a judge who, while sitting as a state court judge, held a status hearing in a criminal proceeding related to the instant action, gave Judge Jacobs "personal knowledge of disputed evidentiary facts concerning [this] proceeding." *See* 28 U.S.C. § 455 (a), (b)(1).

For the reasons set forth herein, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3